(30 Misc. Rep. 320.)

### TRACY et al. v. DOLAN et al.

(Supreme Court, Special Term, New York County. January, 1900.)

PARTITION—TRIAL ON PLEADINGS—AUTHORITY OF TRIAL JUSTICE—FINDINGS OF FACTS—VACATING SAME.

In partition the issues were directed to be tried by a jury on the pleadings under Code Civ. Proc. § 1544, and after such trial at trial term the trial justice filed a paper containing findings of fact on other issues than those submitted to the jury, and conclusions of law on his findings, and the jury's verdict. *Held,* that the justice's findings should be vacated and eliminated from the record, since the cause remained on the equity side of the court awaiting return of the special verdict, and the trial justice had no authority to exercise the duties of the trial term by finding facts and drawing legal conclusions therefrom.

Action for partition by Alberta P. Tracy and others against Annie Dolan and others. Motion to vacate and set aside certain findings of fact and conclusions of law. Granted.

Joseph Fettretch, for the motion.
S. Hanford, opposed.

BEEKMAN, J. This is an action for partition. The defendants answered, putting in issue material allegations of the complaint. As such issues are triable by a jury as a matter of right (Code Civ. Proc. § 1544), an order was made by the court, on motion of plaintiffs' attorneys, which, after reciting that it was insisted by counsel for the defendants "that the issues should be tried upon the pleadings, without being stated separately, to which counsel for the plaintiffs agree," directed that the said issues "as made by the pleadings" be tried by jury, and that for that purpose the cause be placed upon the preferred calendar of the trial term for trial on the first Monday of November thereafter, "and that the verdict thereon, when rendered, be certified to the special term of this court for further proceedings." The direction that the issues be tried upon the pleadings was a proper one, as the above-mentioned section of the Code authorizes the court either to direct the issues to be stated as prescribed in section 970, or to follow the course which was adopted here. The issues accordingly came on for trial, and, certain questions having been submitted to the jury, the latter duly answered them, and the special verdict thus rendered was received and recorded. Thereafter the trial justice signed a paper containing findings of fact with respect to other issues

than those which had been submitted to the jury, and also certain conclusions of law embodying his determination of the legal effect of the facts established by the verdict and his own findings. The verdict of the jury was rendered on October 13, 1899, and the findings above referred to were dated on the same day. The attorneys for the defendants had no knowledge that the trial justice had been asked to make such findings, and their first intimation that he had signed any such paper was received as hereafter stated. It is proper to say, in passing, that there is not the slightest intimation of bad faith on the part of the plaintiffs' attorneys in the matter, they believing that their practice was entirely regular. On November 18, 1899, plaintiffs' attorneys noticed a motion at special term, part 3, for judgment on the verdict, and thereafter, and on December 11, 1899, they served upon defendants' attorneys a copy of said findings, together with a notice that the same had been filed in the county clerk's office on that day, and would be read on their motion for judgment. The attorneys for defendants now move for an order vacating and setting the same aside. It seems to me quite clear that the learned trial justice had no authority whatsoever to make any findings in the matter. The cause was not before him for final determination, but only for the trial of the issues by jury. His only function was to preside at the trial, and to submit such issues to the jury for their determination, and to cause their verdict to be returned to the court at special term for its consideration there, in proceedings to be there had for a final determination of the action. The cause is one cognizable in equity. It was properly on the special term calendar, and still continued there, notwithstanding the direction for a jury trial which had been given, and the proceedings to that end had at the trial term. The action was not transferred to the trial term, but remained on the equity side of the court awaiting the return of the verdict. When the function of the trial justice as above defined had been performed, his jurisdiction over the action ceased. He had no power to find facts which the jury had not found, much less to determine what legal conclusions should be drawn from any fact which had been, or which he deemed had been, established on the trial. All of that rightfully belonged to the court at special term, when the verdict had been duly certified to it. My conclusion is that this motion should be granted, as I am satisfied that, inasmuch as the so-called "findings" are without legal sanction for their support, they should be vacated, and eliminated from the record. They are now upon the files of this court, forming a part of the record of this cause, and may be used to the disadvantage of the defendants. Under such circumstances, and in the interest of orderly procedure and practice, it seems quite clear that the defendants are within their right in asking the court to adjudge the invalidity of this paper, and, constructively at least, to expunge it from the record. Motion granted, with $10 costs.

Motion granted, with $10 costs.